# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO FIGUEROA,<br><br>                              Petitioner,<br><br>    v.<br><br>MELISSA LEA, Warden,<br><br>                              Respondent. | Civil No.   10cv2274-MMA (JMA)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON MOTION FOR STAY AND ABEYANCE** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. On November 3, 2010, Petitioner filed a Petition for Writ of Habeas Corpus and a document titled: "Motion for Permission to File a Protective Petition for Writ of Habeas Corpus and to Stay and Abey Federal Habeas Proceedings." [Doc. Nos. 1, 2.] By Order dated November 4, 2010, this Court dismissed the case without prejudice for Petitioner's failure to either pay the $5 filing fee or qualify to proceed in forma pauperis. [Doc. No. 3.] Petitioner was advised that to have the case reopened, he was required to submit the $5 filing fee or adequate proof of his inability to pay the fee no later than January 3, 2011. On November 29, 2010, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis, which the Court granted on December 13, 2010. [Doc. Nos. 5, 6.]

In his Motion to Stay and Abey Federal Habeas Proceedings, Petitioner requests the Court hold the Petition in abeyance while he returns to state court to exhaust his unexhausted claims.

//

1  The Court will notify Petitioner of the requirements for demonstrating that the stay and abeyance
2  procedure is appropriate in this case. Petitioner shall file a brief in support of the motion
3  addressing these requirements no later than **February 18, 2011**. Respondent shall file a
4  response to the motion no later than **March 4, 2011**. Petitioner shall file his reply, if any, to the
5  Respondent's brief no later than **March 18, 2011**.

6  In Rhines v. Weber 544 U.S. 269, 125 S.Ct. 1528 (2005) the Supreme Court held that
7  District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one
8  containing both exhausted and unexhausted claims, in order to permit a petitioner to return to
9  state court to exhaust additional claims while the federal proceedings are stayed. Rhines, 125
10 S.Ct. at 1534-35. The Rhines Court held that "a stay and abeyance 'should be available only in
11 limited circumstances,' and is appropriate only when the district court determines that there was
12 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)
13 (quoting Rhines, 125 S.Ct. at 1535). The Court in Jackson noted that the Rhines holding applies
14 to stays of mixed petitions, but that Rhines did not comment on the validity of the withdraw and
15 and abeyance procedure approved of in Calderon v. United States District Court (Taylor), 134
16 F.3d 981 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), where unexhausted
17 claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in
18 abeyance while petitioner returns to state court to exhaust the unexhausted claims. Jackson, 425
19 F.3d at 661. Because Jackson involved a mixed petition, the Court held that Rhines directly
20 controlled, and "left for another day the question of whether the stay standard announced by the
21 Supreme Court in Rhines applies to our three-step stay-and-abeyance procedure." Id.

22 Irrespective of whether Petitioner's motion for stay is subject to the restrictions placed
23 on this Court's discretion to issue a stay as set forth in Rhines, or is subject to the Ninth Circuit's
24 withdraw and abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay.
25 Under either procedure **he must demonstrate there are arguably meritorious claims which**
26 **he wishes to return to state court to exhaust and that he is diligently pursuing his state**
27 **court remedies with respect to those claims.** Jackson, 425 F.3d at 661; Anthony v. Cambra,
28 236 F.3d 568, 575 (9th Cir. 2000); Taylor, 134 F.3d at 987; see also Kelly, 315 F.3d at 1070.

1  Petitioner shall address these concerns in his brief in support of his Motion.  In addition,
2  Petitioner should set forth facts in an attempt to demonstrate good cause for his failure to timely
3  exhaust the state court remedies with respect to his unexhausted claims.

### CONCLUSION AND ORDER

**IT IS ORDERED** that Petitioner shall file a brief in support of his Motion for stay and abeyance no later than **February 18, 2011**, Respondent shall file a response to the Motion for stay and abeyance no later than **March 4, 2011**, and Petitioner shall file his reply, if any, to the Respondent's brief no later than **March 18, 2011**.

**IT IS SO ORDERED.**

DATED: January 13, 2011

Jan M. Adler
U.S. Magistrate Judge