UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE ALFREDO FIGUEROA, | ) | Case No. 10-CV-2274 MMA (JMA) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION FOR ORDER DENYING IN PART AND GRANTING IN PART MOTION TO STAY AND ABEY [DOC. NO. 8]** |
| v. | ) | |
| MELISSA LEA, WARDEN, | ) | |
| Respondent. | ) | |

Presently before the Court is a Motion to Stay Litigation of Federal Habeas Proceedings Pending Exhaustion filed by Petitioner Jose Alfredo Figueroa (hereinafter "Petitioner"). [Doc. 8.] Respondent Melissa Lea, Warden (hereinafter "Respondent"), filed a Response to the motion. [Doc. 13.] For the reasons set forth below, the Court recommends District Judge Michael M. Anello deny in part and grant in part the motion to stay and allow Petitioner to withdraw his unexhausted claims.

## I. BACKGROUND

On February 1, 2008, Petitioner was convicted in San Diego Superior Court of four counts of sex offenses committed upon his stepdaugther: (1) forcible rape (Cal. Penal Code § 261(a)(2)); (2) attempted lewd act with a child 14 or 15 years of age (Cal. Penal Code § 288(c)(1)); and (3) and (4) lewd act on a child 14 or 15 years of age (Cal.

Penal Code § 288(c)(1)).  [Doc. No. 1 (Petition) at 1-2.]  Petitioner was sentenced to an aggregate twelve years in state prison.[1]  [Doc. No. 1 at 24.]

Petitioner appealed his convictions to the California Court of Appeal, case no. D052564, raising two claims: (1) juror misconduct and (2) the trial court's imposition of aggravated terms on counts one and four  violated Petitioner's right to a jury trial.  [Doc. No. 1 at 18-19.]  The California Court of Appeal affirmed the judgment on November 23, 2009.  [Doc. No. 1 at 18-19.]  Petitioner then sought review in the California Supreme court for the same two claims.  The California Supreme Court, sitting en banc, case no. S179006, summarily denied the petition on February 3, 2010.  [Doc. No. 1 at 17.]  Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was returned to Petitioner with an accompanying letter dated June 24, 2010 from the Office of the Clerk stating "the petition is out-of-time."  [Doc. No. 1 at 16.]  The petition was postmarked on June 17, 2010 when the due date was May 4, 2010.  [Doc. No. 1 at 16.]

On November 3, 2010, Petitioner filed the instant petition for writ of habeas corpus, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), setting forth eight claims:

(I)     Juror misconduct;

(II)    The trial court's imposition of aggravated terms on counts one and four violated Petitioner's right to a jury trial;

(III)   The use of an all-White jury violated Petitioner's right to a trial by his peers and a representative cross-section of the community;

(IV)    The use of shackles upon Petitioner throughout the trial and during his testimony in his own defense, without the trial court giving notice for the reasons he was to be shackled or without instructions on how to have the shackles removed during trial or testimony violated Petitioner's right to due process;

(V)     Petitioner was denied the right to the assistance of counsel;

---

[1] "The court selected count 4 as the principal term and imposed the upper term of three years on that count.  The court imposed a consecutive eight-year term on count 1, a consecutive eight-month term (one-third the middle term of two years) on count 3, and a consecutive four-month term (one-third the middle term of one year) on count 2."  [Doc. No. 1 at 24.]

(VI)     Petitioner was denied the right to effective assistance of counsel;

(VII)    Petitioner was denied his right to due process by the cumulative errors imputed to the State of California by the trial court and Petitioner's counsel; and

(VIII)   The trial court was without legal jurisdiction over the Petitioner.

[Doc. No. 1 at 6-13.]  Petitioner acknowledges Claims 3 through 8 were not raised to the California Supreme Court prior to filing his federal habeas Petition; however, he concurrently filed a document entitled, "Motion for Permission to File a Protective Petition for Writ of Habeas Corpus and to Stay and Abey Federal Habeas Proceedings." [Doc. 1 at 8-13 & Doc. No. 2.]  By Order dated November 4, 2010, this Court dismissed the case without prejudice for Petitioner's failure to pay the $5 filing fee or qualify to proceed in forma pauperis.  [Doc. No. 3.]  Petitioner was advised that to have the case reopened, he was required to submit the $5 filing fee or adequate proof of his inability to pay the fee no later than January 3, 2011.  [Doc. No. 3 at 1.]  On November 29, 2010, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis, [Doc. No. 5], which the Court granted on December 13, 2010.  [Doc. No. 6.]  By Order dated January 13, 2011, the Court set the briefing schedule for Petitioner's Motion for Stay and Abeyance. [Doc. No. 7.]  Petitioner filed his brief on the motion on February 16, 2011, again acknowledging his Petition is "mixed," meaning it contains both exhausted and unexhausted claims, and requesting all proceedings in this Court be stayed until he exhausts Claims 3 through 8 in the state courts.  [Doc. No. 8 at 4.]  Petitioner attached a proposed copy of the petition for writ of habeas corpus he intends to file in the state courts after this Court rules on the instant motion.  [Doc. No. 1 at 29, 33-43.] Respondent filed a Response to the motion on April 27, 2011.  [Doc. No. 13.]  Petitioner did not file a Reply.

## II.   DISCUSSION

A state prisoner's federal habeas petition may not be granted if state remedies are unexhausted.  *See 28* U.S.C. §2254(b)(1)(A).  The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's

1  constitutional claims.  <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982).  In most instances, a

2  claim is exhausted once it is presented to a state's highest court, either on direct appeal

3  or through state collateral proceedings.[2]  <u>See</u> <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376

4  (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must be the

5  *same* as that raised in the state proceedings.  <u>Id.</u>

6       Federal courts cannot consider petitions that contain both exhausted and

7  unexhausted claims, often referred to as "mixed" petitions.  <u>See</u> <u>Rose v. Lundy</u>, 455

8  U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition

9  containing both unexhausted and exhausted claims).  The filing of a mixed petition

10  renders it subject to dismissal.  <u>Id.</u>

11       There are two methods available to a petitioner who seeks to stay a federal

12  habeas proceeding while he returns to state court to exhaust his unexhausted claims,

13  the "stay and abeyance" procedure pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78

14  (2005), and the "withdrawal and abeyance" procedure outlined in <u>Kelly v. Small</u>, 315

15  F.3d 1063 (9th Cir. 2003).  The distinctions between the two procedures are observed in

16  <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009).  Citing <u>Jackson v. Roe</u>, 425 F. 3d 654 (9th

17  Cir. 2005), the Ninth Circuit Court of Appeal stated:

18       As <u>Jackson</u> explained, <u>Rhines</u> allows a district court to stay a mixed
         petition, and does not require that unexhausted claims be dismissed while
19       the petitioner attempts to exhaust them in state court. In contrast, the
         three-step procedure outlined in <u>Kelly</u> allows the stay of fully exhausted
20

21       [2]28 U.S.C. § 2254 (b)(1)-(2) states:

22    (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
              pursuant to the judgment of a State court shall not be granted unless it
23            appears that -

24         (A) the applicant has exhausted the remedies available in the courts of the State;
              or
25         (B)(i) there is an absence of available State corrective process; or (ii)
              circumstances exist that render such process ineffective to protect the rights of
26            the applicant.

27       (2) An application for a writ of habeas corpus may be denied on the merits,
             notwithstanding the failure of the applicant to exhaust the remedies available in
28           the courts of the State.

1     petitions, requiring that any unexhausted claims be dismissed. Id. at 661.

2 King, 564 F.3d at 1139-1140.[3]

3     Petitioner seeks to invoke either the Rhines stay and abeyance procedure or the

4 Kelly withdrawal and abeyance procedure.  He states he "has no objection to following

5 the three-step procedure as stated in Jackson v. Roe, supra, 425 F.3d 658-659," but

6 argues "the stay-and-abeyance procedure established in Rhines v. Weber is the

7 appropriate means to proceed on the instant Petition, rather than the three-step process

8 []."  [Doc. no. 8 at 14].[4]

9     **A.**     **Petitioner Should Not Be Granted a Stay and Abeyance under Rhines**

10     Under Rhines, 544 U.S. 269, a district court has discretion to grant a stay and

11 abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure to

12 exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no

13 indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines,

14 544 U.S. at 278.  The Supreme Court made clear in Rhines that because staying a

15 federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing

16 a petitioner to delay the resolution of federal proceedings and undermines AEDPA's

17 goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive

18 to first exhaust all his claims in state court, "stay and abeyance should be available only

19 in limited circumstances." Rhines, 544 U.S. at 277.  As a threshold matter, "[b]ecause

20 granting a stay effectively excuses a petitioner's failure to present his claims first to the

21 state courts, stay and abeyance is only appropriate when the district court determines

22 there was good cause for the petitioner's failure to exhaust his claims first in state

23 court." Id.

24 / /

25

26     [3]  In Jackson, the petitioner had attempted to use the Rhines procedure, so although the Ninth Circuit expounded on the differences between the procedures, it did not reach the issue

27 as to whether the Kelly procedure remained available after Rhines.  In King, the Ninth Circuit picked up where Jackson left off, holding the three-step withdrawal and abeyance procedure

28 outlined in Kelly remained an available option for Petitioners.  King, 564 F.3d at 1143.

    [4]  The three-step procedure Petitioner refers to as the Jackson procedure is the same three-step procedure as Kelly's withdrawal and abeyance procedure.

10-CV-2274

Petitioner has neither established good cause for his failure to exhaust nor diligently sought habeas relief in state court, thereby obviating any need, at this time, to address whether his unexhausted claims are potentially meritorious. Petitioner "filed the instant Petition early with [this] Court so that he would meet the statutory deadline established by AEDPA, and have the issue of exhaustion resolved in order to meet the strict requirements of AEDPA." [Doc. No. 1 at 14.] He alleges the uncertainty surrounding the timeliness of filing his state habeas petition requires his early filing in this Court. Id. at 15.

Petitioner's confusion arises from mere unfamiliarity with habeas law, which does not satisfy good cause under Rhines. See e.g. Kibler v. Walters, 220 F.3d 1151, 1154 (9th Cir. 2000) (finding Petitioner's lack of knowledge of requirements of state habeas corpus law insufficient to establish good cause for failure to exhaust due to procedural default). In addition, by accepting Petitioner's unfamiliarity with state habeas law as good cause, nearly any Petitioner who merely claims confusion would satisfy good cause, undermining the Rhines Court's recognition that stay and abeyance "should be available only in limited circumstances." Rhines, 544 U.S. at 277.

Furthermore, Petitioner has not established that he has diligently pursued his state court habeas remedies. To the contrary, Petitioner awaits "this Court's permission to file the state petition, and direction from this Court as to which state court the state petition must be filed in." [Doc. No. 8, at 30.] His "State petition has been ready to be filed since the instant Petition for Writ of Habeas Corpus was filed with this Court on November 3, 2010," but he "has refrained from making a filing before the State court so that this Court may instruct Petitioner how to properly proceed so that he offends neither this Court nor the State court so that the needs of each tribunal may be properly met." Id. at 30-31. Petitioner's reliance on this Court's direction is misplaced, for this Court may not advocate on Petitioner's behalf. See Pliler v. Ford, 542 U.S. 225, 231 (2004).

/ /

1    The application of the <u>Rhines</u> stay and abeyance procedure would frustrate the

2  AEDPA's purpose.  Petitioner has not followed the clear directive to federal habeas

3  litigants:  "[B]efore you bring any claims to federal court, be sure that you first have

4  taken each one to state court."  <u>Rhines</u>, 544 U.S. at 276-77 (<u>citing</u> <u>Rose</u>, 455 U.S. at

5  520).  Nor has he established good cause for failing to do so.  Instead, this is a situation

6  in which the federal court would be staying the case in order to wait for Petitioner to

7  initiate his state court proceedings on the unexhausted claims.  Granting a stay under

8  <u>Rhines</u>, would frustrate the AEDPA's goal of "encouraging finality, by allowing a

9  petitioner to delay the resolution of the federal proceedings" and would "undermine[]

10  [the] AEDPA's goal of streamlining federal habeas proceedings by decreasing a

11  petitioner's incentive to exhaust all his claims in state court prior to filing his federal

12  petition."  <u>Rhines</u>, 566 U.S. at 277.  Because Petitioner has not established a basis to

13  stay the case under <u>Rhines</u>, the Court will evaluate whether he should instead be

14  permitted to withdraw the unexhausted claims and a stay should be granted pursuant to

15  <u>Kelly</u>.

16    **B.    Petitioner Should Be Permitted to Withdraw and Abey Pursuant to**

17    **<u>Kelly</u>**

18    The <u>Kelly</u> "withdrawal and abeyance" procedure, which Petitioner refers to as the

19  <u>Jackson</u> procedure, is a three-step process that petitioners may, under certain

20  circumstances, use to cure a mixed petition.  The petitioner first voluntarily dismisses all

21  unexhausted claims from his federal petition and requests the court stay the case.

22  <u>Kelly</u>, 315 F.3d at 1070.  He then returns to state court and exhausts those claims while

23  the federal court holds the fully exhausted claims in abeyance.  <u>Id</u>.  In the final step, he

24  seeks leave to amend his federal petition to add the newly exhausted claims.  <u>Id.</u> at

25  1070.  Unlike the "stay and abeyance" procedure set forth in <u>Rhines</u>, Petitioner need not

26  establish good cause for his failure to exhaust all his claims prior to filing his federal

27  habeas petition.  <u>King</u>, 564 F.3d at 1140.  When he returns to federal court, however, he

28  must establish a basis to amend his petition to add the newly exhausted claims.  <u>Id.</u>

Federal Rule of Civil Procedure 15 governs amendments to pleadings in habeas proceedings. See 28 U.S.C. § 2242; see also Mayle v. Felix, 545 U.S. 655, 659 (2005) Rule 15(a) states, "[t]he court shall freely give leave [to amend] when justice so requires." Fed. Rule Civ. P. 15(a)(2).  When, under the withdrawal and abeyance procedure, a petitioner has dismissed unexhausted claims, subsequently exhausted them in state court, and then seeks to have them added to his petition, he must show the newly exhausted claims are either timely under the statute of limitations or they must "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. King, 564 F.3d at 1142-43, quoting Mayle, 545 U.S. at 659.  As explained in King, due to the AEDPA's one year statute of limitations, "demonstrating timeliness will often be problematic" for petitioners and, therefore, the process is not only cumbersome, but is also risky.[5]  King, 564 F.3d at 1140-41.

Petitioner articulates an understanding of the risks associated with this process and states he "has no objection to following the three-step procedure.... allowing the Petitioner to remove Grounds Three through Eight, staying and holding in abeyance the amended, fully exhausted petition in order to allow the Petitioner to fully exhaust these claims before the State court, to file a First Amended Petition for Writ of Habeas Corpus and to reinsert Grounds Three through Eight in the amended petition."  [Doc. No. 13-14.]  Respondent also acknowledges that while Petitioner is not entitled to a stay under Rhines, the Court can, in this case, properly grant one pursuant to Kelly.  [Doc. No. 13, at 9.]  The Court recommends, therefore, that Petitioner be permitted to withdraw Claims 3 through 8, and his remaining exhausted claims be stayed under Kelly.

---

[5]  AEDPA applies a one-year statute of limitations to federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1)(A)-(D).  Thus, a petitioner who wishes to challenge his state court conviction in federal court via a habeas corpus petition must file within one year of his conviction becoming final.  Although the statute of limitations does not run while a properly filed state habeas corpus petition is pending, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Petitioner must bear in mind, however, that he will be granted leave to amend his federal Petition with the newly exhausted claims only if he demonstrates they are timely or that they relate back to Claims 1 and 2.  If he can not demonstrate the claims are timely or relate back*, he will be unable to litigate those claims in this Court.*

**III.    CONCLUSION**

For the foregoing reasons, this Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED** with respect to his request for a stay under <u>Rhines</u>, but **GRANTED** with respect to his alternate request to withdraw his unexhausted claims and stay the remaining claims under <u>Kelly</u>, and that Claims 1 and 2 be held in abeyance to afford Petitioner an opportunity to exhaust his state judicial remedies with regard to his unexhausted claims.

This report and recommendation will be submitted to the Honorable Michael M. Anello, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b).  Any party may file written objections with the Court and serve a copy on all parties on or before **August 31, 2011**.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the Objections shall be served and filed on or before **September 7, 2011**.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  August 12, 2011

Jan M. Adler
U.S. Magistrate Judge