1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOSE ALFREDO FIGUEROA,                    CASE NO. 10 CV 2274 MMA (JMA)

12                          Petitioner,        **ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**

13          vs.

14                                             [Doc. No. 15]

15

16   MELISSA LEA, Warden,                      **GRANTING IN PART AND DENYING PART PETITIONER'S MOTION TO STAY AND ABEY**

17                          Respondent.        [Doc. No. 8]

18

19

20

21

22          On November 3, 2010, Petitioner Jose Alfredo Figueroa, a state prisoner proceeding *pro*

23   *se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his

24   February 1, 2008 state court conviction.  [Doc. No. 1.]  The following day, the Court dismissed the

25   petition without prejudice for failure to pay the required filing fee or request leave to proceed *in*

26   *forma pauperis* ("IFP").  [Doc. No. 3.]  On November 29, 2010, Petitioner filed a motion to

27   proceed IFP, which the Court granted on December 13, 2010.  [Doc. Nos. 5, 6.]  On February 16,

28   2011, Petitioner filed the pending motion to stay and abey his entire federal habeas petition while

                                        - 1 -                                10cv2274

he returns to state court to exhaust his remedies with respect to claims three through eight.  [Doc. No. 8.]  Respondent filed a response to Petitioner's motion on April 27, 2011.  [Doc. No. 13.]  The matter was referred to United States Magistrate Judge Jan M. Adler for preparation of a Report and Recommendation under 28 U.S.C. § 636(b) and Civil Local Rule 72.1(d).

PROCEDURAL BACKGROUND

The circumstances underlying Petitioner's state court conviction are fully set forth in Judge Adler's Report; Petitioner does not object to this portion of the Report.  [Doc. No. 15, p.1-3.]  Accordingly, the Court **ADOPTS** the portion of Judge Adler's Report and Recommendation which recounts in detail the facts underlying Petitioner's state court conviction and sentence, and the factual background of Petitioner's case shall not be repeated here. [*Id.*]

The relevant procedural posture is as follows.  Petitioner was convicted of four counts of sexual assault on February 1, 2008.  [Doc. No. 1, p.2.]  Petitioner filed a direct appeal, raising two grounds challenging his conviction: (1) the existence of prejudicial juror misconduct because female jurors might have seen the victim crying in the restroom while the court was in recess during Petitioner's trial; and (2) violation of Petitioner's constitutional rights for sentencing him to the upper term limits on two counts, based on facts not found by the jury.  [*Id.* at p.2.]   The appellate court affirmed Petitioner's conviction.  [*Id.* at p.18-30.]  Petitioner subsequently filed a petition for review with the California Supreme Court, which was denied on February 3, 2010. [*Id.* at p.17.]  Petitioner did not file any petitions in state court for collateral review of his conviction and sentence.  [*Id.* at p.3-4.]

On June 17, 2010, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court.  [*Id.* at p.16.]  The Supreme Court denied the petition as untimely.  [*Id.*] Specifically, the Supreme Court held that because the California Supreme Court denied Petitioner's request for review on February 3, 2010, his petition to the Supreme Court was due on or before May 4, 2010.  [*Id.*]  Thereafter, on November 3, 2010, Petitioner filed his habeas petition in federal court, alleging eight grounds for relief.  Petitioner concedes he only exhausted the first two grounds for relief in state court, and requests that this Court stay his "mixed" petition while he

1    pursues claims three through eight in state court, which are admittedly unexhausted.[1]  [*Id.* at p.5.]

2                                            **DISCUSSION**

3           Judge Adler issued a well-reasoned and thorough Report recommending Petitioner's

4    motion to stay and abey be **GRANTED IN PART** and **DENIED IN PART**.  [Doc. No. 15.]  After

5    receiving an extension of time, Petitioner filed his objections to the Report on September 13, 2011.

6    [Doc. No. 18.]  Respondent did not object to the Report, nor file a response to Petitioner's

7    objections.

8           Under 28 U.S.C. § 636(b)(1), in reviewing a magistrate judge's report and

9    recommendation, the district court "shall make a *de novo* determination of those portions of the

10   report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the

11   findings or recommendations made by the magistrate judge."  Here, Petitioner objects to the

12   majority of the Report.  [Doc. No. 18.]  Primarily, Petitioner asserts Judge Adler misconstrued the

13   relief Petitioner seeks in his motion to stay and abey, and failed to address whether Petitioner may

14   file a protective petition in accordance with *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Petitioner

15   asserts he does not seek to invoke the "withdrawal and abeyance" procedure set forth in *Kelly v.*

16   *Small*, 315 F.3d 1063 (9th Cir. 2003),[2] which he asserts has not been upheld (nor overruled) by the

17   Supreme Court.

18          The Court has considered the merits of each of Petitioner's objections, as well as

19   Petitioner's request that the Report and Recommendation be rejected as a whole.  With respect to

20   Petitioner's objections to the findings of fact detailed in the Report, the Court overrules the

21   objections, as they are amply supported by the record.  Petitioner's objections to the conclusions of

22   law are similarly without merit, and are therefore, overruled.  Judge Adler identified the correct

23   legal standards, applied each standard correctly, considered relevant case law, and reached sound

24   conclusions that this Court has no reason to reject.

25   / / /

26

27          [1] Claims three through eight allege constitutional violations that occurred during Petitioner's
     trial in state court.  [*See* Doc. No. 1, p.8-13.]

28          [2] Overruled in unrelated part as stated in *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir.
     2007).

Notably, the Supreme Court's decision in *Pace* does not contravene Judge Adler's recommendation.  In fact, *Pace* supports Judge Adler's conclusion that Petitioner is not entitled to invoke the "stay and abey" procedure outlined in *Rhines v. Weber*, 544 U.S. 269 277-78 (2005), because Petitioner has not shown good cause for his failure to exhaust claims three through eight.  These five unexhausted claims arise from facts that occurred during Petitioner's trial in state court.  Petitioner admits he was aware of the circumstances giving rise to these five claims, but indicates he did not pursue them until now because he was unaware of the "legal basis of those claims."  [Doc. No. 18, p.14.]   It is well-established, however, "that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).  Petitioner offers no explanation why he was previously unaware of the legal grounds for his five additional bases for relief, nor provides any information that would demonstrate good cause for the delay.  Thus, on the current record, Petitioner's failure to pursue the five unexhausted claims in state court cannot be excused.

Accordingly, Plaintiff has failed to satisfy at least one requirement set forth in *Rhines* and *Pace*—namely, that good cause exists for his failure to exhaust the claims in state court before filing his habeas petition in federal court.  Although Petitioner asserts he was confused as to whether his state petition would be timely, his confusion regarding timeliness does not remedy the underlying unexplained lack of diligence in pursuing the additional claims earlier.  As the Supreme Court has cautioned, "a stay-and-abeyance should be available only in limited circumstances, and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust."  *Jackson v. Roe*, 425 U.S. 654, 661 (9th Cir 2005) (quoting *Rhines*, 544 U.S. at 277).  Here, absent good cause for Petitioner's delay, Judge Adler correctly concluded Petitioner is not entitled to have his entire federal petition stayed while he pursues his unexhausted remedies in state court.  The possibility that Petitioner may ultimately be barred from pursuing the additional grounds for relief in federal court, alone, does not warrant staying the entire federal petition.

/ / /

Judge Adler correctly recommended that Petitioner withdraw his unexhausted claims (claims three through eight) so he can pursue them in state court, and that Petitioner's exhausted claims (claims one and two) be held in abeyance while Petitioner exhausts his state remedies on the remaining claims. Accordingly, having reviewed the Report and Recommendation and the files and records herein, the Court **ADOPTS** the Report and Recommendation in its entirety. Petitioner's motion to stay and abey is **GRANTED IN PART** with respect to his exhausted first and second grounds for relief. Petitioner's motion to stay and abey is **DENIED IN PART** with respect to claims three through eight, which have not been exhausted, because Petitioner failed to demonstrate good cause for his delay in pursuing these additional grounds for relief.

**IT IS THEREFORE ORDERED:**

That for the reasons set forth above, and in Judge Adler's Report, Petitioner is not entitled to have his entire mixed petition stayed in federal court while he pursues his unexhausted claims in state court. **<u>Therefore, if Petitioner intends to proceed with his exhausted claims in federal court—claims one and two—he must file a notice of withdrawal of his unexhausted claims—claims three through eight—within 30 days of the date of this Order.</u>** Upon receipt of Petitioner's notice of withdrawal, the Court shall hold exhausted claims one and two in abeyance while Petitioner returns to state court to exhaust the remaining claims. However, Petitioner is advised that if he does not file a notice of withdrawal of his unexhausted claims within the time permitted, the Court will dismiss his *entire* federal habeas petition as mixed.

**IT IS SO ORDERED.**

DATED: September 21, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge