# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FIGUEROA,<br><br>                                      Plaintiff,<br>    vs.<br>MELISSA LEA, Warden,<br><br>                                      Defendant. | CASE NO. 10 CV 2274 MMA (JMA)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

On November 3, 2010, Petitioner Jose Alfredo Figueroa, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 1, 2008 state court conviction. [Doc. No. 1.][1] On November 29, 2010, Petitioner filed a motion to proceed IFP, which the Court granted on December 13, 2010. [Doc. Nos. 5, 6.] On September 21, 2011, Court granted Petitioner's motion to stay and abey, in part, with respect to his exhausted first and second grounds for relief. The Court denied Petitioner's motion to stay and abey, with respect to the six unexhausted claims based on the finding that Petitioner failed to demonstrate good cause for his delay in pursuing these six additional grounds for relief. [Doc. No. 19.]

On October 25, 2011, Petitioner filed a motion to stay enforcement of the Court's September 21, 2011 Order while he challenged the Order on appeal. [Doc. No. 23.] Despite the

---

[1] The facts underlying Petitioner's state conviction and his subsequent challenges to the conviction are set forth in Judge Adler's Report and Recommendation [Doc. No. 15] and the undersigned's Order adopting the report [Doc. No. 19].

Court's conclusion that a certificate of appealability should not issue, the Court granted Petitioner's motion to stay on October 28, 2011. [Doc. No. 24.] On November 15, 2011, the United States Court of Appeals for the Ninth Circuit dismissed Petitioner's appeal for lack of jurisdiction. [Doc. No. 26.] The same day, the Court lifted the stay and granted Petitioner twenty-one days to comply with the terms and conditions set forth in the Court's September 21, 2011 Order. [Doc. No. 27.] The Court expressly advised Petitioner that if he did not file a notice of withdrawal of his unexhausted claims (claims three through eight) within twenty-one days, the Court would dismiss his entire federal habeas petition as mixed. [Doc. No. 27.]

More than three months have passed, and Petitioner has not withdrawn his six unexhausted claims as required by the Court's November 15 Order. Accordingly, the Court hereby **DISMISSES** Petitioner's federal habeas petition without prejudice, in its entirety, as mixed.

### CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A petitioner may not seek an appeal of a claim arising out of state court detention unless the petitioner first obtains a certificate of appealability from a district judge or a circuit judge under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Under 28 U.S.C. § 2253(c)(1), a certificate of appealability will issue only if the petitioner makes a substantial showing of the denial of a constitutional right. For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

**IT IS SO ORDERED**.

DATED: February 28, 2012

Hon. Michael M. Anello
United States District Judge